UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA and the STATE of
CALIFORNIA, the STATE of FLORIDA, the STATE
of ILLINOIS, the STATE of INDIANA, the
COMMONWEALTH of MASSACHUSETTS, the
STATE of NEW YORK, the STATE of NEW JERSEY,
the STATE of NORTH CAROLINA, the STATE of
TENNESSEE, and the COMMONWEALTH of
VIRGINIA, *ex rel.* JALESA LEE,

**COMPLAINT**

__ Civ. _____

Plaintiffs,

– against –

STERICYCLE, INC.,

Defendant.

Plaintiffs, the United States, the States of California, Florida, Illinois, Indiana, New York, New Jersey, North Carolina, and Tennessee, and the Commonwealths of Massachusetts and Virginia, and Relator Jalesa Lee, by and through their undersigned counsel, hereby allege for their Complaint against defendant Stericycle, Inc., as follows:

## INTRODUCTION

1.  This is an action filed by Relator Jalesa Lee on behalf of the United States (The U.S.), and the States of California, Florida, Illinois, Indiana, New York, New Jersey, North Carolina, and Tennessee, and the Commonwealths of Massachusetts and Virginia (collectively, the "States") under the False Claims Act, 31 U.S.C. § 3729, *et seq.,* as amended ("FCA") and the FCA's State-law counterparts, to recover money damages and civil penalties arising from false statements and false claims Defendant knowingly submitted or caused to be submitted to the federal and state governments by Defendant.

2.  This qui tam is brought against Stericycle, a national waste disposal company with

a focus on regulated and compliance solutions for healthcare, retail, and commercial business, including the collection and processing of regulated and specialized waste for disposal. Stericycle has contracts with numerous federal and state agencies for the collection and processing of hazardous waste.

3.      Between May of 2012 and continuing to date, Stericycle has routinely failed to comply with federal regulations concerning the disposal of hazardous waste, and prepared and submitted to the federal and state governments documents falsely indicating compliance.  Upon information and belief, these false statements have enabled Stericycle to receive millions of dollars in payments from the federal and state governments.

## PARTIES

4.      Plaintiff United States of America, acting through various agencies, including but not limited to the U.S. Postal Service, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

5.      Plaintiff State of California, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

6.      Plaintiff State of Florida, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

7.      Plaintiff State of Illinois, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

8.      Plaintiff State of Indiana, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

9.      Plaintiff Commonwealth of Massachusetts, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

10.     Plaintiff State of New York, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

11.     Plaintiff State of New Jersey, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

12.     Plaintiff State of North Carolina, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

13.     Plaintiff State of Tennessee, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

14.     Plaintiff Commonwealth of Virginia, acting through various agencies, entered into various contracts with Stericycle for the collection and disposal of hazardous waste.

15.     Relator Jalesa Lee ("Relator") is a citizen of the State of Indiana and brings this action on behalf of the United States of America pursuant to the private action provisions of the FCA, 31 U.S.C. § 3730(b) and on behalf of the States pursuant to the private action provisions of the various state False Claims Acts.  Relator was hired by Stericycle in 2012 as a Transportation Associate in the Environmental Solutions Division, and was employed by Stericycle in various capacities in that Division, including Quality Assurance, until she was unlawfully terminated on July 19th, 2017, in retaliation for requesting an accommodation for her disability.

16.     Defendant Stericycle, Inc. maintains its corporate headquarters at 28161 North Keith Drive, Lake Forest, Illinois 60045.  Stericycle operates throughout the United States and 21 other countries and has more than a million customers worldwide.  Stericycle does business with government customers at the federal, state and local government level.  Through its Environmental Solutions Division, Stericycle provides, among other things, hazardous waste management services to government and private customers.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over this action under 31 U.S.C. § 3732(a) & (b), and 28 U.S.C. § 1331 & 1367.

18.     Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732(a) because the latter provision authorizes nationwide service of process and because the Defendant has minimum contacts with the United States.  Moreover, Defendant can be found, resides and/or transacts business in this District.

19.     Relator has direct and independent knowledge of the information upon which the allegations are based and has voluntarily provided notice of this action to the U.S. Attorney's Office for the Southern District of New York before filing this *qui tam* action.

## STATUTORY FRAMEWORK

### A.     The False Claims Act

20.     The False Claims Act (FCA) provides, in pertinent part, that:

> (a)   Any person who (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false or fraudulent claim paid or approved by the Government; . . . or (7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government . . . is liable to the United States Government . . . .
>
> *   *   *
>
> (b)     For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in

reckless disregard of the truth or falsity of the information, and no
proof of specific intent to defraud is required.
31 U.S.C. § 3729.

21.     Any person who violates the False Claims Act is liable to the United States for up
to three times the amount of damages sustained by the federal government and civil penalties of
between $5,500 and $11,000 for each claim submitted to the United States, as amended by the
Federal Civil Penalties Inflation Act.

22.     Each of the States named as plaintiffs herein have enacted a false claims act
containing provisions identical or similar to the federal False Claims Act described above.

**B.      The Resource Conservation and Recovery Act**

23.     The Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et
seq.*, is a comprehensive environmental statute that governs the treatment, storage, and disposal
of solid and hazardous waste.  RCRA's primary purpose is to reduce the generation of hazardous
waste and to ensure the proper treatment, storage, and disposal of that waste which is nonetheless
generated, "so as to minimize the present and future threat to human health and the
environment."  42 U.S.C. § 6902(b).

24.     Subtitle C of RCRA established a framework for the management of hazardous
waste from "cradle to grave," that is, from generation to disposal.  RCRA required the
Environmental Protection Agency ("EPA") to develop regulations to translate this framework
into a program.  *See, e.g.*, 42 U.S.C. § 6923 (directing EPA to promulgate regulations applicable
to transporters of hazardous waste).  EPA developed the manifest system under a mandate to
assure hazardous waste shipped off site by generators arrives at RCRA-permitted treatment,
storage, and disposal facilities.

25.     RCRA defines "manifest" as "the form used for identifying the quantity,

composition, and the origin, routing, and destination of hazardous waste during its transportation from the point of generation to the point of disposal, treatment, or storage." 42 U.S.C. § 6903(12).

26.     The manifest system is one of the components of the Subtitle C program.  The manifest is a control and transport document that is required to accompany hazardous waste from its generation site to its treatment, storage, and disposal site.  The manifest requirements are detailed in Subpart B of 40 C.F.R. Part 262, 40 C.F.R. § 262.20 *et seq*.  Copies of the approved form of manifest, continuation sheet, and instructions, Form OMB No. 2050-0039, are attached as Exhibit A.

27.     In short, the generator of hazardous waste must initiate a manifest which accompanies the hazardous waste through the process.  When the waste is delivered to the facility designated on the manifest, the original manifest is returned to the generator with signatures of all the entities that have handled the waste.  If the generator does not receive a copy of the manifest within 45 days of the date the waste was accepted by the initial transporter, the generator is required to file an exception report with the EPA Regional Administrator of the region in which the generator is located.  40 C.F.R. § 242.42.

28.     40 C.F.R. Part 263 sets forth the standards applicable to transporters of hazardous waste.  Among other things, a transporter may not accept hazardous waste from a generator unless the transporter is provided with a manifest form, 40 C.F.R. § 263.20(a)(1), must sign and date the manifest acknowledging acceptance of the hazardous waste from the generator, 40 C.F.R. § 263.20(b), must obtain the date of delivery and signature of any subsequent transporter or the owner of the designated disposal facility, 40 C.F.R. § 263.20(d)(1), and must deliver the entire quantity of hazardous waste to the designated facility on the manifest.  40 C.F.R. §

263(a)(1).

29.     Section 6928(d) of RCRA imposes criminal penalties on any person who "knowingly treats, stores or disposes" of a hazardous without a permit, "transports or causes to be transported" a hazardous waste to a facility that does not have a permit, or knowingly transports or causes to be transported a hazardous waste without a manifest where one is required by the regulations.  42 U.S.C. § 6928(d)(1), (2) & (5).

## FRAUDULENT SCHEME

30.     Stericycle markets itself as a "business-to-business services provider with a focus on regulated and compliance solutions for healthcare, retail, and commercial businesses," including "the collection and processing of regulated and specialized waste for disposal."

31.     Moreover, Stericycle emphasizes that it has hazardous waste reporting expertise to help its customers manage the demands of regulatory compliance.

32.     Despite this stated expertise, Stericycle is routinely falsifying manifests by certifying that the designated facility has received and destroyed the hazardous materials listed on the manifests despite the fact Stericycle knew that not all the hazardous materials had been received.

33.     Stericycle tracks the hazardous materials it receives through two computerized inventory control systems known as SteriTrack and OptiTrack.  These systems are designed to track inventory and movement of hazardous waste and associated manifests via a bar code system.

34.     The Stericycle technician creates a manifest for each store service.  Each manifest has a unique barcode. The Stericycle technician places a container bar code on the packaged waste.  Every manifest barcode has associated container bar codes. The bar codes are scanned

each time the waste is transferred until ultimately the waste reaches the designated Transfer

Storage Disposal Facility ("TSDF") owned and operated by Stericycle.

35.     At the TSDF, Stericycle employees unload the tractor trailers and scan the

manifest and the containers.  They run a reconciliation report to identify if there are any load

discrepancies. This report cross references the associated container barcodes from the manifest

with the container barcodes scanned on-site to reveal which containers are missing.

36.     Despite the fact that Stericycle is required to note any discrepancies in box 18a of

the manifest (*see* Exhibit A), Stericycle employees were directed to sign the manifest without

noting any discrepancies, and return the signed forms to the generator.

37.     Relator began working at Stericycle as a Transportation Associate in 2012, and

beginning in 2015, worked in Quality Assurance.  As part of Quality Assurance, Relator began to

investigate discrepancies indicated in the SteriTrack system.

38.     As part of her duties, Relator became aware of many instances where a signed

manifest was provided to the generator, including Government entities, such as the U.S. Postal

Service, even though there was no record indicating that some or all of the waste identified in the

manifest had been received at the TSDF.

39.     Thus, Stericycle falsely certified that the waste identified in the manifests had

been received and properly destroyed, even though Stericycle knew or should have known that it,

in fact, could not verify that the waste had been received at the TSDF.

40.     For example, on April 27, 2015, Stericycle picked up waste at a U.S. Postal

Service location in Chicago, Illinois.  The manifest bar code, 007327171FLE, was scanned at the

TSDF on May 7th, 2015 but the container barcode, 000901174236, was never scanned at the

TSDF, indicating that the waste was never received at the TSDF.  Nevertheless, Stericycle

signed the manifest certifying receipt of the hazardous waste without noting any discrepancies on the manifest, and sent the certified manifest to the U.S. Postal Service.  A copy of the signed manifest is annexed as Exhibit B.

41.     Similarly, on June 18, 2015, Stericycle picked up waste at a U.S. Postal Service location in Topeka, Kansas.  The manifest bar code, 006447290FLE, was scanned at the TSDF on July 8th, 2015 but the container barcode, 000803971653, was never scanned at the TSDF, indicating that the waste was never received at the TSDF.  Nevertheless, Stericycle signed the manifest certifying receipt of the hazardous waste without noting any discrepancies on the manifest, and sent the certified manifest to the U.S. Postal Service.  A copy of the signed manifest is annexed as Exhibit C.

42.     Stericycle's misconduct was not limited to the U.S. Postal Service.  On April 2, 2015, Stericycle picked up waste at the U.S. Penitentiary in Atlanta, Georgia.  The manifest bar code, 007369202FLE, was scanned at the TSDF on April 13th, 2015 but the container barcode, 000901646837, was never scanned at the TSDF, indicating that the waste was never received at the TSDF.  Nevertheless, Stericycle signed the manifest certifying receipt of the hazardous waste without noting any discrepancies on the manifest, and sent the certified manifest to the U.S. Penitentiary.  A copy of the signed manifest is annexed as Exhibit D.

43.     Stericycle similarly submitted false claims to state entities.  For example, on September 30, 2015, Stericycle picked up waste at the New York State Correctional Facility in Gowanda, New York.  The manifest bar code, 007348221FLE, was scanned at the TSDF on October 13th, 2015 but the container barcode, 000803930561, was never scanned at the TSDF, indicating that the waste was never received at the TSDF.  Nevertheless, Stericycle signed the manifest certifying receipt of the hazardous waste without noting any discrepancies on the

manifest, and sent the certified manifest to the Gowanda Correctional Facility. A copy of the signed manifest is annexed as Exhibit E.

44. In addition, at the time of her termination, Relator ran a report of manifests with missing or incorrect bar codes containing nearly 20,000 entries. The fact that bar codes were missing or incorrect means that the entries on the manifests could not be matched with an actual container of waste, and the receipt of the waste could not be verified. Upon information and belief, notwithstanding the inability to verify receipt of the waste, the vast majority of these manifests were signed without noting any discrepancy.

45. In sum, based on her experience at Stericycle, Relator estimates that as much as 50% of the manifests signed and returned by Stericycle's Environmental Solutions Division fraudulently failed to report that receipt of the waste could not be confirmed.

## COUNT I
### False Claims Act, 31 U.S.C. § 3729(a)(1)

46. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

47. By knowingly providing manifests to its Government customers, including, but not limited to the U.S. Postal Service and the U.S. Bureau of Prisons, falsely indicating that hazardous waste had been received and properly disposed, when it had not, while claiming payment under its contracts with the Government, Defendant knowingly presented or caused to be presented, false and fraudulent claims for payment or approval to the United States.

48. Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

49. By virtue of the false or fraudulent claims made and caused to be made by defendants, the United States has suffered damages and therefore is entitled to treble damages

under the False Claims Act, in an amount to be determined at trial, plus a civil penalty of $5,500 to $11,000, as adjusted by the Federal Civil Penalties Inflation Act, for each violation.

## COUNT II
### False Claims Act, 31 U.S.C. § 3729(a)(2)
### Making or Using False Records or Statements

50.      Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

51.      By knowingly providing manifests to its Government customers, including, but not limited to the U.S. Postal Service and the U.S. Bureau of Prisons, falsely indicating that hazardous waste had been received and properly disposed, when it had not, Defendant knowingly (*i.e.*, with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to manifests – to get false or fraudulent claims paid or approved by the United States.

52.      By virtue of the false records or statements made and caused to be made by Defendant, the United States has suffered damages and therefore is entitled to treble damages under the False Claims Act, in an amount to be determined at trial, plus a civil penalty of $5,500 to $11,000, as adjusted by the Federal Civil Penalties Inflation Act, for each violation.

## COUNT III
### California False Claims Act
### Cal. Gov't Code § 12651(a)(1), (2) & (8)

53.      Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

54.      This is a claim for treble damages and penalties under the California False Claims Act.

{00084288 6 }                                        11

55.     By knowingly providing false manifests to Government agencies of the State of California, Defendant knowingly caused to be presented, false and fraudulent claims for payment or approval to the State of California.

56.     Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

57.     Defendant knowingly (*i.e.*, with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the State of California.

58.     By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendant, the State of California has suffered damages and therefore is entitled to treble damages under the California False Claims Act, in an amount to be determined at trial, plus a civil penalty of $5,500 to $11,000 for each violation.

## COUNT IV
### Florida False Claims Act
### Fla. Stat. Ann. § 68.082(2)(a) & (b)

59.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

60.     This is a claim for treble damages and penalties under the Florida False Claims Act.

61.     By knowingly providing false manifests to Government agencies of the State of Florida, Defendant knowingly caused to be presented, false and fraudulent claims for payment or approval to the State of Florida.

62.     Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

63.     Defendant knowingly (*i.e.*, with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the State of Florida.

64.     By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendant, the State of Florida has suffered damages and therefore is entitled to treble damages under the Florida False Claims Act, in an amount to be determined at trial, plus a civil penalty of $5,500 to $11,000 for each violation.

## COUNT V
**Indiana False Claims and Whistleblower Protection Act**
**Ind. Code Ann. § 5-11-5.5**

65.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

66.     This is a claim for treble damages and penalties under the Indiana False Claims and Whistleblower Protection Act.

67.     By knowingly providing false manifests to Government agencies of the State of Indiana, Defendant knowingly caused to be presented, false and fraudulent claims for payment or approval to the State of Indiana.

68.     Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

69.     Defendant knowingly (*i.e.*, with actual knowledge, in deliberate ignorance of the

truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the State of Indiana.

70.     By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendant, the State of Indiana has suffered damages and therefore is entitled to treble damages under the Indiana False Claims and Whistleblower Protection Act, in an amount to be determined at trial, plus a civil penalty of at least $5,000 for each violation.

**COUNT VI**
**Maryland False Health Claims Act**
**Md. Code Ann. Health-Gen. § 2-602(a)(1) & (2)**

71.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

72.     This is a claim for treble damages and penalties under the Maryland False Health Claims Act.

73.     By knowingly providing false manifests to Government agencies of the State of Maryland, Defendant knowingly caused to be presented, false and fraudulent claims for payment or approval to the State of Maryland.

74.     Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

75.     Defendant knowingly (i.e., with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the State of Maryland.

76.     By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendants, the State of Maryland has suffered damages and therefore is entitled to treble damages under the Maryland False Health Claims Act, in an amount to be determined at trial, plus a civil penalty of not more than $10,000 for each violation.

**COUNT VII**
**Massachusetts False Claims Act**
**Mass. Gen. Laws ch. 12 § 5B(1), (2), and (10)**

77.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

78.     This is a claim for treble damages and penalties under the Massachusetts False Claims Act.

79.     By knowingly providing false manifests to Government agencies of the Commonwealth of Massachusetts, Defendants knowingly caused to be presented, false and fraudulent claims for payment or approval to the Commonwealth of Massachusetts.

80.     Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

81.     Defendant knowingly (i.e., with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the Commonwealth of Massachusetts.

82.     By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendant, the Commonwealth of Massachusetts has suffered damages and therefore is entitled to treble

damages under the Massachusetts False Claims Act, in an amount to be determined at trial, plus a civil penalty of $5,500 to $11,000 for each violation.

**COUNT VIII**
**New York False Claims Act**
**N.Y. Fin. Law § 189(1)(a) and (b)**

83.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

84.     This is a claim for treble damages and penalties under the New York False Claims Act.

85.     By knowingly providing false manifests to Government agencies of the State of New York, Defendant knowingly caused to be presented, false and fraudulent claims for payment or approval to the State of New York.

86.     Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

87.     Defendant knowingly (i.e., with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the State of New York.

88.     By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendant, the State of New York has suffered damages and therefore is entitled to treble damages under the NYFCA, in an amount to be determined at trial, plus a civil penalty of $6,000 to $12,000 for each violation.

## COUNT IX
### New Jersey False Claims Act
### Stat. §2A:32C-3 (a) and (b)

89.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

90.     This is a claim for treble damages and penalties under the New Jersey False Claims Act.

91.     By knowingly providing false manifests to Government agencies of the State of New Jersey, Defendant knowingly caused to be presented, false and fraudulent claims for payment or approval to the State of New Jersey.

92.     Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

93.     Defendants knowingly (i.e., with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the State of New Jersey.

94.     By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendant, the State of New Jersey has suffered damages and therefore is entitled to treble damages under the NJFCA, in an amount to be determined at trial, plus a civil penalty of $6,000 to $12,000 for each violation.

## COUNT X
### North Carolina False Claims Act
### § 1-607(a)(1) and (2)

95.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs

as if separately set forth herein.

96.     This is a claim for treble damages and penalties under the North Carolina False Claims Act.

97.     By knowingly providing false manifests to Government agencies of the State of North Carolina, Defendant knowingly caused to be presented, false and fraudulent claims for payment or approval to the State of North Carolina.

98.     Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

99.     Defendant knowingly (i.e., with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the State of North Carolina.

100.    By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendant, the State of North Carolina has suffered damages and therefore is entitled to treble damages under the False Claims Act, in an amount to be determined at trial, plus a civil penalty of $6,000 to $12,000 for each violation.

### COUNT IV
**Tennessee False Claims Act**
**Tenn. Code Ann. § 4-18-102**

101.    Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

102.    This is a claim for treble damages and penalties under the Tennessee False Claims Act.

103.    By knowingly providing false manifests to Government agencies of the State of Tennessee, Defendant knowingly caused to be presented, false and fraudulent claims for payment or approval to the State of Tennessee.

104.    Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

105.    Defendant knowingly (i.e., with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the State of Tennessee.

106.    By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendant, the State of Tennessee has suffered damages and therefore is entitled to treble damages under the Florida False Claims Act, in an amount to be determined at trial, plus a civil penalty of $2,500 to $10,000 for each violation.

## COUNT XII
### Virginia Fraud Against Taxpayers Act
### Va. Code Ann. § 8.01-216.3(A)(1), (2) & (7)

107.    Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if separately set forth herein.

108.    This is a claim for treble damages and penalties under the Virginia Fraud Against Taxpayers Act.

109.    By knowingly providing false manifests to Government agencies of the Commonwealth of Virginia, Defendant knowingly caused to be presented, false and fraudulent claims for payment or approval to the Commonwealth of Virginia.

110.     Said claims were presented with Defendant's actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

111.     Defendant knowingly (i.e., with actual knowledge, in deliberate ignorance of the truth, or with reckless disregard of the truth) made or used, or caused to be made or used, false records or statements – including but not limited to falsified manifests – to get false or fraudulent claims paid or approved by the Commonwealth of Virginia.

112.     By virtue of the false or fraudulent claims made and caused to be made by Defendant, and/or the false records or statements made and caused to be made by Defendant, the Commonwealth of Virginia has suffered damages and therefore is entitled to treble damages under the Virginia Fraud Against Taxpayers Act, in an amount to be determined at trial, plus a civil penalty of $5,500 to $11,000 for each violation.

## PRAYER FOR RELIEF

WHEREFORE, the Relator, on behalf of the United States and the States of California, Florida, Maryland, New York, New Jersey, and North Carolina, and the Commonwealths of Massachusetts and Virginia, demands and prays that judgment be entered in its favor against Defendants, jointly and severally, as follows:

1.     On the Counts under the federal False Claims Act treble the amount of damages sustained by the United States and civil penalties for each false claim or false statement, as provided by law; and

2.     On Count III, under the California False Claims Act, treble the amount of damages sustained by the State of California and civil penalties for each false claim or false statement, as provided by law; and

3.      On Count IV, under the Florida False Claims Act, treble the amount of damages sustained by the State of Florida civil penalties for each false claim or false statement, as provided by law; and

4.      On Count V, under the Maryland False Health Claims Act, treble the amount of damages sustained by the State of Maryland and civil penalties for each false claim or false statement, as provided by law; and

5.      On Count VI, under the Massachusetts False Claims Act, treble the amount of damages sustained by the State of Massachusetts and civil penalties for each false claim or false statement, as provided by law; and

6.      On Count VII, under the New York False Claims Act, treble the amount of damages sustained by the State of New York and civil penalties for each false claim or false statement, as provided by law; and

7.      On Count VIII, under the New Jersey False Claims Act, treble the amount of damages sustained by the State of New Jersey and civil penalties for each false claim or false statement, as provided by law; and

8.      On Count IX, under the North Carolina False Claims Act, treble the amount of damages sustained by the State of North Carolina and civil penalties for each false claim or false statement, as provided by law; and

9.      On Count X, under the Virginia Fraud Against Taxpayers Act, treble the amount of damages sustained by the Commonwealth of Virginia and civil penalties for each false claim or false statement, as provided by law; and

10.     For all Causes of Action alleged herein by Relator, all expenses and attorneys' fees related to this legal action, as provided by law; and

11.     Any other equitable relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator Jalesa Lee, hereby

demands a trial by jury.

Dated:      White Plains, New York
            May 3, 2018

**YANKWITT LLP**

By:     _____
            Kathy S. Marks
            Russell M. Yankwitt
            140 Grand Street, Suite 705
            White Plains, New York 10601
            Tel: (914) 686-1500
            Email: kathy@yankwitt.com

**BLAU LEONARD LAW GROUP LLC**
            Steven Bennett Blau
            Shelly A. Leonard
            23 Green Street, Suite 303
            Huntington, New York  11743
            Tel:  (631) 458-1010

            *Attorneys for Relator*